UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

ANDRE B. SMITH,

Debtor.

_____/

Case No. DL 08-04879
Chapter 7
Hon. Scott W. Dales

## MEMORANDUM OF DECISION REGARDING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

Dr. Andre B. Smith (the "Debtor") filed a Motion to Avoid Judicial Lien, Docket. No. 21 (the "Motion"), pursuant to 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 4003(d). *Pro se* creditor, Nadia Sellers ("Ms. Sellers"), as the holder of the judgment lien at issue, filed an Answer to Motion to Avoid Judicial Lien, Docket No. 28 (the "Response"). I held an evidentiary hearing in Lansing, Michigan, on October 3, 2008, which I continued to, and concluded on, November 12, 2008 (collectively the "Hearing"). The following constitutes my findings of fact and conclusions of law, as required by Fed. R. Civ. P. 52 and Fed. R. Bankr. P. 7052 and 9014.

The Debtor, as the party seeking to avoid Ms. Sellers's lien, bears the burden of proof on each element of the avoidance statute by a preponderance of the evidence. See In re Lee, 249 B.R. 864, 867 (Bankr. N.D. Ohio 2000). Section 522(f) authorizes the Debtor to avoid a "judicial lien," other than a lien that secures a debt of the kind described in 11 U.S.C. § 523(a)(5), if the lien impairs an exemption that the Debtor

would enjoy but for the judicial lien.  Thus, at the Hearing the Debtor was required to prove by a preponderance of the evidence the following:

(1) The lien at issue is a "judicial lien" within the meaning of 11 U.S.C. § 101(36);

(2) The lien does not secure a "domestic support obligation" as defined in 11 U.S.C. § 101(14A); and

(3) The lien impairs an exemption to which the Debtor would have been entitled under 11 U.S.C. § 522(b).

11 U.S.C. § 522(f).  At the Hearing, the Debtor did not testify, but instead offered four exhibits which I admitted without objection: Exhibit 1 (Notice of Judgment Lien); Exhibit 2 (Notice of Assessment); Exhibit 3 (Letter from Kathleen Hengesbach to Andre Smith dated September 30, 2008); and Exhibit 4 (Order of Judgment dated March 8, 2007). Ms. Sellers offered, and I admitted without objection, Creditor's Exhibit A consisting of a Promissory Note dated November 3, 2005, a related mortgage, and other closing documents apparently pertaining to the real estate against which Ms. Sellers claims her judgment lien.  She also testified about the circumstances giving rise to her judgment. These included her unhappy domestic situation with the Debtor; the Debtor's putting her and their children out of the home they all shared; his continued refusal to allow her back in the house; and the relief awarded to her by the State District Court, evidenced by Exhibit 1 and Exhibit 4.

The Debtor's four exhibits – the only evidence he offered – established that Ms. Sellers holds a judicial lien in the amount of $26,063.67;[1] the residence is worth

---

[1] See Debtor's Exhibit 1.

$193,200;[2] and the residence is encumbered by a mortgage held by Capitol National Bank in the amount of $163,763.41.[3]  Debtor contends without contradiction that he is entitled to exempt up to $30,000 in the residence under MCL § 600.5451.  Because the sum of the Capitol National Bank mortgage, Ms. Smith's lien, and the Debtor's exemption exceeds the value of the Debtor's interest in the residence by at least the amount of the judgment lien, the Debtor has established that Ms. Sellers's lien impairs his exemption to the full extent of her lien.  See 11 U.S.C. § 522(f);  In re Brinley, 403 F.3d 415, 421 (6th Cir. 2005) (stressing mechanical nature of impairment inquiry).  In addition, Exhibit 4, the state court judgment giving rise to the judgment lien, demonstrates that Ms. Seller's underlying cause of action was a breach of contract claim, not a debt in the nature of alimony or support contemplated in 11 U.S.C. § 523(a)(5) and § 101(14A).

Based on the evidence adduced at the Hearing, I find that the Debtor has met his burden of proving the prerequisites for lien avoidance under 11 U.S.C. § 522(f), and I will enter an order setting aside the lien in toto.

Dated: November 17, 2008
Grand Rapids, Michigan

Scott W. Dales
United States Bankruptcy Judge

---

[2] See Debtor's Exhibit 2.  I am willing to double the state equalized value or "SEV" to determine the value of the residence for present purposes.
[3] See Debtor's Exhibit 3 and Creditor's Exhibit A.

3